FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Sep 28, 2018
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**MARIKA WARNER, Individually and on Behalf of Others Similarly Situated**                                                      **PLAINTIFF**

vs.                                                      No. 6:18-cv-6092_____

**FIRST STEP, INC.**                                                      **DEFENDANT**

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Marika Warner, individually and on behalf of all others similarly situated, by and through her attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Class and Collective Action against Defendant First Step, Inc., does hereby state and allege as follows:

I.

### JURISDICTION AND VENUE

1.     Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others

similarly situated overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described *infra*.

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges violations of the AMWA, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Arkansas, operating several care and rehabilitation facilities.

7. Defendant's principal place of business is within the Hot Springs Division of the Western District of Arkansas.

8. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

## II.

## **THE PARTIES**

9. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Plaintiff is a resident and citizen of Garland County.

11. Plaintiff worked for Defendant as a caregiver within the three (3) years preceding the filing of this Complaint at Defendant's facility in Hot Springs and was paid an hourly rate.

12. At all times material herein, Plaintiff and those similarly situated to Plaintiff have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

13. Defendant First Step, Inc., is a non-profit Arkansas corporation, providing care and treatment to individuals with developmental disabilities.

14. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

15. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including goods or materials typically used in the fast food industry.

16. Defendant has more than four employees.

17. Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

18. Defendant's principal address is 407 Carson Street, Hot Springs, Arkansas 71901.

19. Defendant's registered agent for service of process in the State of Arkansas is Brett Chancellor, 407 Carson Street, Hot Springs, Arkansas 71901.

### III.

### FACTUAL ALLEGATIONS

20. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

21. Defendant owns and operates six developmental care facilities in Arkansas and serves approximately 1,900 customers in 27 Arkansas counties.[1]

22. During the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as a caregiver at Defendant's Hot Springs location.

23. Defendant directly hired Plaintiff and other caregivers, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

---

[1] *See* http://www.firststeparkansas.com/first-step-history/ (last viewed September 28, 2018).

24. Plaintiff and other caregivers were classified as hourly employees and paid an hourly rate.

25. Plaintiff and other caregivers regularly worked in excess of forty (40) hours per week.

26. It was Defendant's commonly applied policy to pay Plaintiff and other caregivers different hourly rates depending on the type of work being performed.

27. However, Defendant did not pay Plaintiff or other caregivers one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) in a week.

28. Plaintiff and other caregivers were and are entitled to overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

29. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Home Healthcare workers violated the FLSA and AMWA.

## IV.

## REPRESENTATIVE ACTION ALLEGATIONS

### A. FLSA § 216(b) Class

30. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as if fully set forth in this section.

31. Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

32. Plaintiff brings her FLSA claims on behalf of all hourly caregivers employed by Defendant at any time within the applicable statute of limitations

period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

    A.    Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

    B.    Liquidated damages and attorneys' fees and costs.

33. In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" a written Consent to Join this lawsuit.

34. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

35. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

    A.    They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

    B.    They were paid hourly;

    C.    They recorded their time in the same manner; and

    D.    They were subject to Defendant's common policy of denying lawful overtime pay for hours worked over forty (40) per work week.

36. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 250 persons.

37. In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

38. Defendant can readily identify the members of the Section 16(b) Collective. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B. AMWA Rule 23 Class

39. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

40. Plaintiff proposes to represent the class of hourly caregivers who are/were employed by Defendant within the relevant time period within the State of Arkansas.

41. Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA.

42. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other

available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

43. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

44. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 250 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

45. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

46. Concentrating the litigation in this forum is highly desirable because Defendant is based in the Western District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

47. No difficulties are likely to be encountered in the management of this class action.

48. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as an hourly employee for Defendant and experienced the same violations of the AMWA that all other class members suffered.

49. Plaintiff and her counsel will fairly and adequately protect the interests of the class.

50. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

51. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

V.

## FIRST CAUSE OF ACTION

### (Individual Claim for Violation of the FLSA)

52. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

53. 29 U.S.C. § 206 and 29 U.S.C. § 207 requires employers to pay employees a minimum wage for all hours worked up to forty in one week and one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C. § 206; 29 U.S.C. § 207.

54. Defendant failed to pay Plaintiff one and one-half times her regular rate for all hours worked over forty (40) hours per week, despite her entitlement thereto.

55. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

56. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

57. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.

## SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the AMWA)

58. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

59. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

60. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

61. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week

and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

62. Defendant failed to pay Plaintiff all wages owed, as required under the AMWA.

63. Despite the entitlement of Plaintiff to payment of a lawful minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff a lawful overtime premium.

64. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

66. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.

### THIRD CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

67. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

68. Plaintiff asserts this claim on behalf of all hourly caregivers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours she and they worked in excess of forty (40) each week.

69. Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

70. 29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees a minimum wage for all hours worked up to forty in one week and one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C. § 206; 29 U.S.C. § 207.

71. Defendant failed to pay Plaintiff and those similarly situated one and one-half times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

72. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

**All hourly-paid caregivers within the past three years.**

73. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

74. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest,

civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

75. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.

## FOURTH CAUSE OF ACTION

### (Class Action Claim for Violation of the AMWA)

76. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

77. Plaintiff, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

78. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

79. Defendant failed to pay Plaintiff and members of the proposed class all wages owed, as required under the AMWA.

80. Despite the entitlement of Plaintiff and members of the proposed class to payment of a lawful minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff and members of the proposed class a lawful overtime premium.

81. Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

**All hourly-paid caregivers
in Arkansas within the past three years.**

82. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

83. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

84. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Marika Warner, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

C. For orders regarding certification of and notice to the proposed collective action members;

D. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

E. A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

F. Judgment for damages for all unpaid overtime compensation owed to Plaintiff and the proposed class members under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

G. Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

H. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and the proposed class members during the applicable statutory period;

I. Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

J. For a reasonable attorneys' fee, costs, and pre-judgment interest; and

K.  Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**MARIKA WARNER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

/s/ Sean Short
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**MARIKA WARNER, Individually and on Behalf of Others Similarly Situated**     **PLAINTIFF**

vs.     No. 6:18-cv-_____

**FIRST STEP, INC.**     **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly employee for First Step, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for overtime compensation and other relief. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____
**MARIKA WARNER**

Date: September 28, 2018